[No. 26960.   Department Two.   June 28, 1938.]

JAMES R. FARRIS, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Hubbert & Mullins,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

BEALS, J.—James R. Farris, appellant herein, a workman within the protection of the industrial insurance statutes, suffered an injury in the course of his employment, August 10, 1917.   The injury was occasioned by a flying fragment of wood, which struck appellant's right eye.   February 19, 1918, the department, having investigated the claim, found that Mr. Farris, as the result of the injury to his right eye, had suffered perma-

'Reported in 80 P. (2d) 824.

nent partial disability to the extent of twenty-two degrees, and paid him $550.

Thereafter, Mr. Farris' sight became steadily worse, and February 17, 1928, he having become blind, the department determined that he was totally, permanently disabled, and set up for his benefit a pension reserve, deducting from the amount thereof the sum of $550, which had previously been paid to him as permanent partial disability. Under this setup, Mr. Farris received $16.48 per month, and on April 6, 1928, the department determined that Mr. Farris' condition was such that he required an attendant, and awarded an additional payment of twenty dollars per month from February 17, 1928, as compensation for the attendant.

During the month of August, 1936, an application was made for correction of the monthly payments by way of a pension and for the attendant, and the application having been finally denied by the department, on an appeal by Mr. Farris to the superior court, the order of the joint board was set aside, and the department was directed "to pass upon the claim of the plaintiff and to pay him such compensation as is provided by law." June 28, 1937, the matter again came before the joint board, which, after consideration of the entire record and the judgment of the superior court, entered an order remanding the matter to the supervisor for action in accordance with the judgment of the superior court. July 12, 1937, the supervisor entered an order directing that Mr. Farris be paid a pension at the rate of twenty dollars per month from February 17, 1928, and that the attendant's fee

". . . remain the same as originally set up—as the date of injury always governs. In this case the injury occurred in 1917, and the law in effect as of that date allowed twenty dollars per month for attendant."

August 10, 1937, Mr. Farris, through his counsel, gave notice of appeal to the superior court

" . . . from the order of the defendant denying plaintiff's application for attendant's award, said order being made by the joint board of the department of labor and industries in executive session of June 28, 1937."

The matter came on regularly for trial before the superior court, all parties appearing, the department moving to dismiss the appeal, for the reasons, first, that the notice and order of the supervisor dated July 12, 1937, was not an appealable order; and second, that the order of the joint board, made June 28, 1937, was likewise an order from which no appeal would lie. The trial court concluded that the department's position was well taken, and dismissed the appeal without prejudice. From this judgment of dismissal, Mr. Farris has appealed to this court.

Appellant contends that, while at the time he was injured the law provided for allowance of twenty dollars per month for an attendant in cases where the department held an attendant was necessary, the law was subsequently amended and the attendant's allowance increased to twenty-five dollars per month, and that compensation for his attendant should have been provided at the higher figure.

In his notice of appeal, appellant was careful to state that his appeal was taken from the order of the joint board dated June 28, 1937, and he maintains the same position before this court. This order, as above stated, simply remanded the matter to the supervisor for action. July 12, 1937, the supervisor entered his order in the matter, increasing appellant's pension to twenty dollars per month, but refusing to increase the monthly allowance for appellant's attendant.

The proper procedure for appellant to follow

was to bring the supervisor's order of July 12th before the joint board for review. The order of the joint board dated June 28th was not appealable, because it simply remanded the matter to the supervisor for action, it being under the law the duty of the supervisor to fix the awards. The order of the joint board was not a final order, but was simply a proper and necessary step in bringing appellant's claim to a final and definite conclusion. Clearly, no appeal would lie from this order to the superior court. On the other hand, no appeal to the superior court could be taken from the order of the supervisor entered July 12, 1937, as before such an appeal may be prosecuted, the matter must be brought before the joint board for review.

The merits of the question at issue between claimant and the department are not before us, and we express no opinion upon the question involved.

The superior court rightly held that the motion of the department to dismiss the appeal was well taken, and the judgment of dismissal thereafter entered was correct, and is hereby affirmed.

MILLARD, BLAKE, ROBINSON, and SIMPSON, JJ., concur.